

| | |
|---|---|
| SAN DIEGO, CA | Ramona V. Ladwig |
| AVALON, CA | Hyde & Swigart |
| RIVERSIDE, CA | 1910 Pacific Avenue |
| | Suite 14155 |
| PHOENIX, AZ | Dallas, Texas |
| DENVER, CO | T: 214.880.6362 |
| LANSING, MI | F: 800.635.6425 |
| MINNEAPOLIS, MN | |
| LAS VEGAS, NV | www.westcoastlitigation.com |
| | ramona@westcoastlitigation.com |
| DALLAS, TX | |
| SEATTLE, WA | Licensed in NY, FL, and TX |

February 9, 2018

<u>BY ECF</u>

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re:   *Sasso v. JP Morgan Chase Bank*, No. 17-cv-7722 (S.D.N.Y.)

Dear Judge Broderick:

The parties[1] in the above-referenced matter respectfully submit this joint letter providing the following requested information:

## 1.   <u>Nature of the action and anticipated defenses</u>

**Plaintiff:** Michael Sasso ("Sasso") brings this action on behalf of himself and others similarly situated against JP Morgan Chase Bank ("Chase"). A creditor who re-reports the full balance of an account discharged in bankruptcy to any credit bureau engages in false and inaccurate reporting of information to the credit bureaus under California Civil Code § 1785.25(a). Sasso debts were discharged in bankruptcy, including a Chase Card Acct. xxxx9179 for 4,721. After discharge, Sasso noticed a delinquency report on the Chase account on his credit report. Sasso sent Equifax a letter to dispute the item on his credit report. Days later, on April 20, 2017, Equifax notified Sasso that a request to verify the information was sent to the reporting company. As reflected in Sasso's May 2017 and January 2018 credit reports, the full balance of the Chase Card Account reappeared on Sasso's credit report. Sasso alleges that Chase re-reported the full balance to Equifax and that Chase knew or should have known the information was "incomplete or inaccurate," in violation California Civil Code § 1785.25(a).

---

[1] Defendant's position is that Chase Bank USA, N.A. is the proper defendant in this case, not JP Morgan Chase Bank (the entity named in the complaint). The term "Chase" as used herein refers to the defendant in this case.

**Chase:** Chase's principal defense is that Sasso's allegations are factually inaccurate because Chase did not furnish (or "re-report") Sasso's account balance to Equifax at any point after the date of his bankruptcy discharge. Chase's practice is to furnish the fact and date of a bankruptcy discharge on its credit-card accounts upon receiving notification of that event. Consistent with that practice, and as documents Chase provided to Sasso in informal discovery establish, Chase furnished the fact and date of Sasso's bankruptcy discharge to the credit bureaus, including to Equifax, in March 2017 and did not furnish any additional information (including balance information) to Equifax on Sasso's 9179 account thereafter. These documents included, but were not limited to, a declaration from Chase. Further, Sasso's April 2017 Equifax credit report—which Sasso provided to Chase in informal discovery—reflects his bankruptcy and shows no balance, and thereby confirms Chase's furnishing. (The "delinquency" to which Plaintiff refers on his Equifax credit report was an indication that a delinquency previously had been reported.) Thus, the information Chase furnished to Equifax was in no respect "incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

2.   <u>Bases for jurisdiction and venue; citizenship of corporate defendant</u>

**Plaintiff:** JP Morgan Chase Bank is a corporation with its principal place of business in New York, NY. Michael Sasso is and was at all times relevant a resident of the state of California. Sasso also seeks $5000 per willful violation for each member of tens of thousands of class members, which damages when aggregated among the class, exceeds the $5,000,000 threshold for federal court diversity jurisdiction under the Class Action Fairness Act of 2005. Venue is proper as events forming of the basis of the complaint occurred in this district.

**Chase:** Chase Bank USA, N.A. is the proper defendant in this case. This case concerns a credit card issued by Chase Bank USA, N.A. JP Morgan Chase Bank—the entity named in the complaint—is engaged in retail and commercial banking and does not issue credit cards. Chase Bank USA, N.A. is a national bank with its main office in Wilmington, Delaware. JPMorgan Chase Bank, N.A. is a national bank with its main office in Columbus, Ohio. Neither Chase Bank USA, N.A. nor JP Morgan Chase Bank is a corporation.

3.   <u>Contemplated motions</u>

**Plaintiff:** Sasso intends to bring a motion to compel the entire history of Chase's reporting on Sasso's account to Equifax, Chase's policies and procedures for handling accounts discharged in bankruptcy, and Chase's policies and procedures for responding to dispute letters, specifically dispute letters as to post-discharge bankruptcy reporting. Sasso will be filing a motion for class certification at the close of discovery.

**Chase:** Chase intends to file a motion for summary judgment at the earliest possible opportunity. In that motion, Chase will show that there can be no dispute of material fact as to the completeness and accuracy of Chase's furnishing on Sasso's account, as the evidence indisputably establishes that Chase furnished the fact and date of Sasso's bankruptcy discharge, furnished no additional information on the account thereafter, and received no disputes from Sasso or Equifax concerning the account. Chase will be prepared to file this motion within two weeks of this conference. To the extent plaintiff requests discovery additional to that which

Chase already has provided to oppose the summary judgment motion, Chase believes that only minimal discovery would be warranted.

4.      **Discovery that has already taken place**

Informal preliminary discovery has already taken place; no formal discovery requests have been served.

**Plaintiff**: Plaintiff's position is that the sworn declaration and file excerpts provided by Chase (described below) were incomplete. Plaintiff's counsel provided Chase with copies of Sasso's Equifax credit reports for April 11, 2017, May 23, 2017, and January 25, 2018, as well as an April 12, 2017 dispute letter Sasso sent to Equifax and an April 20, 2017 response letter from Equifax to Sasso. The April 2017 Equifax credit report showed Chase reporting that the account as delinquent since October 1, 2016. In the April 2017 dispute letter, Sasso stated that this reporting is an error because he received a bankruptcy discharge and thus no balance was due and owing. The April 20 response letter from Equifax showed it sent a letter to the reporting company to verify information. Chase owned the account, and Plaintiff contends that the only reporting company Equifax could have been referring to in the response letter was Chase. After sending his dispute letter, the May 2017 and January 2018 credits reports then show a significant, inaccurate change in credit reporting. Not only was a delinquency being reported, but now also a full balance was being reported as due, which Plaintiff contends constitutes the inaccurate reporting.

**Chase:** Chase provided plaintiff's counsel a sworn declaration confirming that Chase furnished the fact and date of Sasso's bankruptcy discharge to Equifax in March 2017, Chase received acknowledgment from Equifax that it matched Sasso's account with the furnished discharge information, Chase did not furnish any further information on Sasso's account after furnishing the discharge information, and Chase did not receive any disputes on Sasso's account. Chase also provided excerpts from the file Chase sent to Equifax and the acknowledgment file Chase received from Equifax. This represents the entire universe of furnishing-related communications between Chase and Equifax concerning Sasso's 9179 account between March 2017 and the present. Although plaintiff's counsel represented that Sasso would dismiss if Chase provided a sworn declaration confirming the furnishing described above, Sasso refused to dismiss. Sasso provided Chase with copies of three credit reports; a dispute letter Sasso sent to Equifax; and a letter from Equifax to Sasso. The April 11 Equifax credit report reflected that Sasso's Chase account was included in bankruptcy and showed no balance, consistent with Chase having furnished that information in March. The April 20 letter from Equifax notes the results of several disputes Sasso filed with Equifax concerning accounts with other creditors (and rejects them all because his credit report reflects the fact of his bankruptcy discharge), but does not mention Sasso's Chase account at all.

5.      **Prior settlement discussions**: N/A

6.      **Estimated length of trial**: 4 days of jury trial

7.    **Additional information**

     **Chase:** This case was originally filed in the U.S. District Court for the Central District of California in May 2017.  Before Chase was required to answer or otherwise respond to the complaint, in July 2017, Sasso voluntarily dismissed the action without explanation.  Then, in October 2017, Sasso refiled the identical complaint—which alleges a violation of California law, on behalf of a class of California residents, based on alleged conduct that occurred solely in California[2]—in the Southern District of New York.  Since the filing of this complaint, Chase has made repeated good-faith efforts to provide plaintiff's counsel with evidence that demonstrates that Sasso's factual claims are erroneous, but to no avail.  Chase looks forward to resolving these issues quickly and efficiently before Your Honor.

     Respectfully submitted,

     /s/ Ramona Ladwig
     Ramona Ladwig
     Hydge &Swigart
     1910 Pacific Avenue, Suite 14155
     Dallas, Texas 75024
     T: (214) 880-6362
     F:
     ramona@westcostlitigation.com

     /s/ Abbas Kazerounian
     Abbas Kazerounian
     Kazerounian Law Group
     245 Fischer Avenue, Unit D1
     Costa Mesa, CA 92626
     T: (800) 520-5523
     F: (800) 520-5523
     ak@kazlg.com

     *Counsel for Plaintiff*

---

[2] *See, e.g.*, ECF No. 1    13 ("[A]ll conduct engaged in by Chase occurred in California.").